UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| ADNAN AL-ABBOUD, | ) | |
|     Plaintiff, | ) | |
| | ) | |
| vs. | ) | Cause No. |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
|     Defendant. | ) | |
| | ) | |

**COMPLAINT**

COMES NOW Plaintiff Adnan Al-Abboud, by and through counsel, and files this action against the Defendant the United States of America appealing an administrative decision of the US Department of Agriculture and its Retailer Operations Division. The decision assesses a Transfer of Ownership Civil Monetary Penalty ("TOCMP") for alleged violations of the Supplemental Nutrition Assistance Program ("SNAP"). The decision was based on erroneous interpretation of the applicable statutes and regulations; was arbitrary and capricious; was unconstitutional; and should not have been assessed against Plaintiff individually.

**I. Parties**

1. Plaintiff Adnan Al-Abboud is a former owner of a store described as Arts Supermarket that was located at 2921 North Newstead, St. Louis, Missouri, 63115.

2. The defendant, the United States of America, is a governmental entity whose agency manages SNAP and assessed the TOCMP. The United States has waived sovereign immunity in 7 U.S.C. §2023(a)(13).

1

**II. Jurisdiction and Venue**

3. This Court has subject matter jurisdiction over this matter under 7 U.S.C. §2023 and its implementing regulation at 7 C.F.R. 279.9(a) and under 28 U.S.C. §§1331, 1346,

4. Venue in this district is proper under 7 U.S.C. §2023 and 28 U.S.C. §1391(b) because the conduct that gave rise to this cause of action occurred in this district.

**III. Factual Allegations**

5. Arts Supermarket was a small grocery store located at 2921 North Newstead Avenue, St. Louis, Missouri, 63115.

6. On or about January 1, 2009, Plaintiff Adnan Al-Abboud sold his interest in the business "known as Arts Super Market Inc located at 2921 north newstead ave. st. Louis, mo 63115 including the equipment and current inventory as is."(sic). See Exhibit 1, "Sales Agreement," attached hereto and incorporated by reference. Plaintiff sold the business to Rami Muhammad, Eyad Muhammad and Hani Abdelkarim. Plaintiff retained ownership of the real property (land and building) on which Art's was located.

7. After the 2009 sale, the United States Department of Agriculture ("USDA") conducted an investigation of violations of SNAP. The investigation found that in February, March and May 6, 2010 (after the 2009 sale) Rami Mohammad engaged in trafficking as defined in 7 C.F.R. §271.2 by accepting $613.00 in SNAP benefits in exchange for $305.00 cash.

8. Effective June 29, 2010, Arts Supermarket was permanently disqualified as an authorized SNAP retailer and determined ineligible for a civil monetary penalty ("CMP").

9. Various parties requested review or have otherwise contested the permanent disqualification finding against the business or themselves personally. In this District, see *Bamuqabel and Dorsey v. United States*, Cause 4:11CV 250 (RWS), *Eyad Mohammad and*

*Sulton Palace Café v. United States,* Cause 4:14CV1802 (JCH), *Gus's Market Inc. and Ghassin Al-Hamid v. United States*, 4:14CV0003 (DDN) and *Eyad Mohammad v. Unites States*, Cause 4:10 CV1692 (RWS) consolidated with *Hani Abdelkarim v. United States,* 4:10CV1882 (RWS).

10. In the underlying initial administrative action, Eyad Mohammad submitted correspondence indicating that all of the purchasers excepting himself withdrew from the sale of Arts Supermarket. See Exhibit 2, "Letter," attached hereto and incorporated by reference. Mr. Eyad Mohammad contended, in part, that he should not be permanently disqualified because he was not really an "owner" of Arts Supermarket at the time of the violations. Mr. Eyed Mohammad contended that the sale of Arts Supermarket had been contingent upon licensing from the City of St. Louis. However, the administrative agency found that:

> a review of the sales agreement and lease documents reveals clear language as to what the agreement involved. The sales agreement explicitly states who the seller is and who the buyers are. It indicates that the business, equipment and inventory are being sold to the buyers for $150,000 and that it is paid in full… Nowhere is there an implied an agreement that Adnan Hawija Al Abboud would maintain ownership and control of the store pending the transfer of licenses or that ownership assumption on the part of the buyers was contingent on such license transfers. Moreover, it is difficult to envision the buyers paying the purchase price of the store in full on a contingency sale.

Exhibit 3, "Final Agency Decision," attached hereto and incorporated by reference. As Plaintiff retained ownership of the building and land (but not the business), he and Mr. Eyad Mohammad entered into a lease agreement for Mr. Mohammad's use of the space. See Exhibit 4, "Lease Agreement," attached hereto and incorporated by reference.

11. On or about February 26, 2016 Arts Supermarket and its former owners, including Plaintiff, were assessed a TOCMP of $44,000 for the sale and transfer of ownership of "Arts Supermarket" during a period of disqualification. The decision was based on a bill of sale dated November 13, 2015 wherein Plaintiff sold the building and property located at 2921 N.

3

Newstead, as well as the adjoining properties at 4401 St. Louis Avenue and 2925 N. Newstead Avenue to Yadgar Barzanji. See Exhibit 5, "Purchase of Property Agreement," attached hereto and incorporated by reference.

12. Arts Supermarket appealed the TOCMP decision and requested administrative review. The appeal was granted and implementation of the sanction was held in abeyance. See Exhibit 6, "Final Agency Decision, TOCMP," attached hereto and incorporated by reference. On or about May 9, 2016, the Final Agency Decision was mailed to Appellants and "former owners" Adnan Hawija Al-Abboud, Rami Mohammad, and Eyad Mohammad at Arts Supermarket. See Exhibit 7, "Cover Letter, TOCMP," attached hereto and incorporated by reference.

13. Having fully exhausted the administrative remedies, Plaintiff timely requests judicial review of this mater within 30 days of the date of the decision. Plaintiff asks this Court to set aside the administrative decision as authorized by 7 U.S.C. §2023 and its implementing regulation 7 C.F.R. §279.

## IV. Standard of Review

14. Pursuant to 7 C.F. R. §279.10(c), the suit in U.S. District Court shall be a *trial de novo* wherein the Court shall determine the validity of the questioned administrative action. *United States of America v. J& K Market Centerville, LLC*, 679 F.3d 709 (8th Cir. 2012). If the Court determines the administrative action is invalid, it shall enter a judgment or order which it determines in accordance with the law and the evidence. Further, the Court should make its own findings of fact in reviewing disqualification determinations made by the Department of Agriculture and not limit itself to matters considered in the administrative proceedings. The standard of review for imposition of sanction for violation of SNAP is whether the Defendant's action was arbitrary or capricious; whether it was warranted in law or without justification in

fact.  See *Ghattas v. United States*, 40 F.3d 281 (8th Cir. 1994) and *Corder v. United States*, 107 F.3d 595 (8th Cir. 1997).

### Claim for Relief
### Count One
### Appeal of Administrative Decision

15. Plaintiff re-alleges and incorporates by reference paragraphs 1 through 14 as though fully set forth below.

16. The decision of the Defendant was contrary to the law set forth in the applicable statutes and regulations including but not limited to 7 U.S.C §§2021, 202 and 7 C.F.R. §§278 and 279..

17. Any application of 7 C.F.R. §278.6(f)(2) against Plaintiff is invalid and contrary to the law and facts in that Plaintiff did not transfer ownership of the retail food store "Arts Supermarket" to Yadgar Barzanji in 2015.  Plaintiff's sale of the building and land to Mr. Barzanji in 2015 is valid under 7 C.F.R. §278.6(f)(2) and other relevant, applicable laws and regulations.

18. The decision of the Defendant was impermissibly vague so as to be invalid in that it contends that the TOCMP was assessed against "Arts Supermarket" (the corporate entity) but is addressed to "Former Owners"  - including Plaintiff and Rami Mohammad – who were previously and specifically determined by USDA not to be actual owners. See Exhibits 2, 6 and

19.  The language of 7 C.F.R. §278.6(f)(2) is unconstitutionally vague and does not provide for the assessment of a TOCMP against an individual, such as Plaintiff.

20. The amount of the TOCMP assessed was contrary to the law and against the weight of the evidence and contrary to the provisions of 7 U.S.C. §2012(e).

5

21. Any alleged assessment of TOCMP against Plaintiff individually, even though he has not been an actual owner of Art's Market since the sale in 2009, is invalid.  Therefore, Defendant should be prohibited from filing any action under 7 U.S.C. §2021(e)(2) to enforce the full amount of the fine against Plaintiff individually.

22. The amount of the TOCMP was in excess of the provisions provided for by law, was not calculated properly under 7 U.S.C. §2012(e) or any other provision of law and the amount was arbitrary and capricious.

23. The Defendant does not have the authority to take the proposed action.

24. The Defendant's actions are arbitrary, capricious and against the weight of the evidence.

25. Defendant's actions are particularly arbitrary, capricious, stale, and unreasonable as the Defendant has been aware of Eyad Mohammad's previous sales of Arts Supermarket and has taken no other TOCMP action.  See for example, *Bamuqabel and Dorsey v. United States*, Cause 4:11CV 250 (RWS).

26. The Defendant's actions are unconstitutional. TOCMP under 7 U.S.C. §2021(e) and 7 C.F.R. §278.6(f)(2) are overbroad and violates substantive due process in that they have no rational means of achieving a legitimate governmental end.

27. The assessment of a TOCMP and application of 7 U.S.C. §2012 and 7 C.F.R. §278.6(g), generally and in this case, constitutes an unconstitutional taking of Plaintiff's property in violation of the Fifth Amendment to the United States Constitution. See Note 2, *Ghattas v. United States*, 40 F.3d 281 (8th Cir. 1994).

28. Any fine by the Defendant against Plaintiff individually is invalid because the agency did not allow adequate due process in its application of the SNAP laws and regulations.

WHEREFORE, Plaintiff respectfully requests the following relief:

1. That this Court temporarily stay the administrative action and hold in abeyance implementation of the sanction pending final judicial review;

2. An order and judgment reversing Defendant's decision and imposition of the TOCMP;

3. Plaintiff's costs and attorneys fees, if permitted by law; and

4. Such other and further relief as the Court deems just and proper.

Respectfully Submitted,

   /s/ David Bruns
David Bruns #38665MO
Law Office of David Bruns, P.C.
225 S. Meramec, Ste 1100
Clayton, MO 63105
Phone: (314) 832-0202
Fax:    (314) 269-1042
david@brunspc.com

and

   /s/ Kim Freter
Kim C. Freter #47777MO
Attorney at Law
225 S. Meramec, Ste 1100
Clayton, MO 63105
Phone: (314) 721-6565
Fax:    (314) 269-1042
kim@freterlaw.com

*ATTORNEYS FOR PLAINTIFF*